UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL ST. CLAIR III,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RON MOON, et al.,<br><br>　　　　　Defendants. | Case No. C10-1091-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a former state prisoner, alleges defendants violated his civil rights when he was infracted and transferred to another unit for refusing to participate in therapy on religious grounds.[1] Dkt. 6 at 3. Plaintiff names as defendants prison employees Ron Moon, Todd Saunders, and Dr. Sykes. *Id.* As relief, plaintiff asks the Court "[t]o investigate my complaint. Also to prove the religious doctrine which proves the facts of my complaint." *Id.* at 4.

Defendants request the Court grant summary judgment and dismiss the case for failure to state a claim on which relief can be granted. Dkts. 19-20. Plaintiff has not responded to defendants' motion. After careful consideration of the record, the Court recommends defendants' motions to dismiss be **GRANTED** and the matter be **DISMISSED** with prejudice.

---

[1] Plaintiff proceeds pro se and was granted in forma pauperis status.

REPORT AND RECOMMENDATION - 1

**FACTUAL BACKGROUND**

Plaintiff alleges defendants told him on June 17, 2010, he had to "join the therapeutic community or else [he] would be infracted." Dkt. 6 at 3. Plaintiff refused claiming there were "things" such as making pledges and reciting philosophies in the therapeutic community that his religion, Islam, forbids. *Id.* Because he refused to partipate in therapy, plaintiff alleges he was "infracted and found guilty." *Id.*

Defendants paint a very different picture of what happened. According to defendants, plaintiff was an inmate at the Washington State Monroe Correctional Complex (MCC). Dkt. 19, Ex. 1. On December 3, 2009, he was transferred to MCC's Special Offender Unit (SOU), a unit designated for seriously mentally ill offenders. On February 15, 2010, plaintiff was transferred to F-Unit of the SOU. Defendant Saunders screened plaintiff to see what programs plaintiff needed to participate in. *Id*. Plaintiff's Judgment and Sentence ordered a chemical dependency evaluation and plaintiff was thus screened for eligibility to participate in the Treatment Community (TC). *Id*.

On March 10, 2010, plaintiff signed the Treatment Participation Agreement, and was admitted to the TC. Dkt. 19, Exhibits 1, 2. From March to June, 2010, plaintiff participated in all TC activities, attended required groups, and recited the TC's Philosophy, Mission Statements and Pledge. *Id*. During this period plaintiff was also given permission to attend Muslim religious events. *Id.*

Beginning in June, 2010, plaintiff began violating the TC's program requirements by failing to wear his TC uniform, failing to attend the morning TC activities, and associating with other offenders in general population. *Id*.

On June 17, 2010, Defendants Moon and Saunders, and Dr. Sykes met with plaintiff to

REPORT AND RECOMMENDATION - 2

discuss his violations of the TC's program requirements. Dkt. 19, Exhibits 1, 2 and 3. When defendants told plaintiff he had to follow the TC's rules and requirements, plaintiff became angry and said he did not want to be in the TC program as he did not need it and was not getting anything out of it. *Id.*

Defendant Saunders told plaintiff that because of two serious infractions plaintiff received in April, 2010, he was only allowed to remain in SOU's F-Unit, a medium custody unit, in lieu of closed custody, through an override to medium custody. Dkt. 19, Exhibit 1. The override to medium custody required plaintiff to participate in the TC. *Id*.

Plaintiff responded he did not want an override. Dr. Sykes told plaintiff that inmates were not forced to stay in the TC, and that plaintiff could leave if he did not want to participate. *Id.* at Exhibit 2. Dr. Sykes also told plaintiff that if he chose to break the TC participation agreement that plaintiff signed ealier, he would be infracted pursuant to DOC policy for failure to participate in his mandatory programming assignment. *Id*. Plaintiff responded he did not want to be in the TC and that reciting the TC's pledge, mission statement and philosophy was against his religion. Before this meeting, plaintiff never advised staff that the the TC's ideals or practices violated his religion. *Id*.

At the conclusion of the meeting, plaintiff stated he would not remain in the TC, and that he would file a lawsuit if he was infracted for refusing to participate. *Id.* Based on plaintiff's refusal to follow the TC's rules and regulations, and participate in the program, plaintiff was removed from the TC program and infracted for failing to participate in a mandatory programming assignment. *Id*. Plaintiff was ultimately transferred from MCC, and on December 27, 2010, he was released from incarceration into the community. *Id.*

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

**1.  Summary Judgment Standard**

The Court should grant the summary judgment motions because "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As plaintiff has not responded to the motions, the Court can consider the facts presented by the defendants to be undisputed for purposes of the motion, and can grant summary judgment if defendants are entitled to it.  *See* Fed. R. Civ. P. 56(e)(2)(3).

The Court has the option to give plaintiff more time to respond to defendants' motions.  *See* Fed. R. Civ. P. 56(e)(1).  Plaintiff was advised, in October, 2010, that if he failed to file papers in opposition to a summary judgment motion, such failure may be considered by the Court as an admission that the motion has merit.  Dkt. 14.  Despite that advisement, and being given a month to respond, plaintiff has filed nothing.  The Court thus concludes additional time to file a response is not warranted and that the motion should be decided now.

**2.  Petitioner's Religious Rights Were Not Violated**

A prisoner's religious concerns implicates the Free Exercise Clause only if (1) the religious belief is "sincerely held," and (2) the claim itself is "rooted in religious belief," which entails analyzing whether the plaintiff's claim is related to his sincerely held religious belief. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (quotations omitted); *see Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (noting that the Ninth Circuit had in the past applied different tests and adopting *Malik*'s formulation of the sincerity test).  As discussed below, the undisputed facts establish religion had nothing to do with plaintiff's complaints, or the issuance of the infractions.  Defendants are entitled to dismissal as a matter of law.

REPORT AND RECOMMENDATION - 4

Plaintiff's complaint gives the impression of a person being penalized for declining to participate in activities that violate the person's genuine religious beliefs.  The undisputed facts defendants present show plaintiff was not penalized for refusing to participate in therapy on religious grounds.  The facts show plaintiff signed a written agreement to participate in the TC and actually participated in the TC from March to June 2010 without complaint.  During that time period, plaintiff participated in all TC activities, attended required groups, and recited the TC's Philosophy, Mission Statements, and Pledge.  *Id.*  He never raised any religious concerns during the entire two month period he was in the TC.  He raised his religious rights for the first time on June 17, 2010, only when confronted about his refusal to wear his required unit uniform, failure to attend the TC's classes, and having improper contact with other inmates in the general population.  Under these circumstances, there is no basis to conclude plaintiff's religous rights were violated when defendants infracted plaintiff for refusing to participate in the TC.

For foregoing reasons, the Court recommends that this action be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  The Court further recommends that this dismissal constitute a strike for purposes of 28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

DATED this 29th day of March, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge